IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5:21-cr-00012 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| JENNIFER RAE MCDONALD ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

This matter is scheduled for a six-week trial to begin on May 15, 2023, in the Harrisonburg Division. The defendant, Jennifer Rae McDonald, is charged with several counts of wire fraud, bank fraud, and money laundering, in addition to a charge of aggravated identity theft. She moves to transfer jury selection and trial to the Charlottesville Division on account of the publicity this case has generated in the upper Shenandoah Valley. (Dkt. No. 45.) For the following reasons, defendant's motion will be denied, but the court will exclude residents of Warren County and the Town of Front Royal from the jury pool in the interest of the prompt administration of justice.

I.  BACKGROUND

On August 25, 2021, McDonald was charged with fraud in a thirty-four-count indictment in connection with her position as Executive Director of the Economic Development Authority of the Town of Front Royal and the County of Warren, Virginia (EDA). The government alleges that during the last four years of her tenure, McDonald defrauded the EDA out of millions of dollars to benefit herself and others. Defendant was criminally charged by the Commonwealth Attorney's Office, but the charges were dismissed prior to the federal indictment. The allegations surrounding Ms. McDonald have also generated civil litigation.

Pursuant to Local Rule 2(c), trial was set in the Harrisonburg Division, the closest federal

courthouse to the place the government alleges that the crimes occurred. The Harrisonburg Division of the Western District of Virginia stretches along the western border of Virginia from its northern edge to Bath County. It encompasses nine counties and four independent cities. Both the Town of Front Royal and Warren County, where the victims are situated, are within the Harrisonburg Division.

Press coverage of this matter has been primarily from the Royal Examiner and the Northern Virginia Daily. (Dkt. No. 47.) Both papers are local to the Strasburg/Front Royal Area. The majority of the press coverage is from 2019, two years before the indictment in this case, although the media covered this case and related civil lawsuits into 2021. Defendant herself initiated the press coverage in 2018 when she reached out to a local reporter with an allegedly false story about winning money at a casino. (2018.02.08-royalexaminer.com-EDA Director Jennifer McDonald parlays casino winnings into real estate investments).

## II.  ANALYSIS

Rule 18 of the Federal Rules of Criminal Procedure governs the appropriate place for trial. "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." Fed. R. Crim. P. 18. Local Rule 2(c) for the Western District of Virginia effectuates this rule, as it states: "Upon the return of an indictment by any grand jury, it shall be filed in the division in which the crime charged is alleged to have occurred and assigned to the judge next in rotation for that division." W.D. Va. Gen. R. 2(c).

Defendant bears the burden of establishing prejudice sufficient to warrant a transfer of

venue. *See United States v. Salad*, 915 F. Supp. 2d 755, 757 (E.D. Va. 2012) (citing *Wansley v. Slayton*, 487 F.2d 90, 94 (4th Cir. 1973)). A request for an intra-district transfer is governed by the same standard as an inter-district transfer under Rule 21. *United States v. Lentz*, 352 F. Supp. 2d 718, 721 n.5 (E.D. Va. 2005). A court "must transfer the proceedings" if the court "is satisfied that so great a prejudice against the defendant exists in the transferring district that the defendant cannot obtain a fair and impartial trial there." Fed. R. Crim. P. 21(a).

With respect to pretrial publicity, the court first must determine "whether the publicity is so inherently prejudicial that trial proceedings must be presumed to be tainted." *United States v. Bakker*, 925 F.2d 728, 732 (4th Cir. 1991). "[O]nly in extreme circumstances may prejudice be presumed from the existence of pretrial publicity itself." *Id.*; *United States v. Higgs*, 353 F.3d 281, 307 (4th Cir. 2003). Ordinarily, when prejudice cannot be presumed, the trial court must "conduct[] a voir dire of prospective jurors to determine if actual prejudice exists." *Bakker*, 925 F.2d at 732. If an impartial jury cannot be impaneled during voir dire, a change of venue is then justified. *Id.*

Defendant argues that the allegations, lawsuits, and political repercussions related to her tenure as the Executive Director of the Warren County Economic Development Authority, where defendant is alleged to have defrauded the EDA out of millions of dollars, will make it difficult to select a jury from the Harrisonburg Division that is free of bias. This was all amply covered by the regional press, and it involves a claimed $21 million loss to the EDA, the suicide of a former Warren County Sheriff, and local government finances.

The court agrees with the government that defendant has not shown that voir dire is insufficient to protect her rights. In *Higgs*, for example, the Fourth Circuit found that the defendant could not establish presumed prejudice based on a large amount of media coverage,

3

both at the time of the crime and during the trial of a co-defendant.  "[A]lthough the coverage was not entirely dispassionate and factual, neither was it highly inflammatory . . . . The additional coverage was not extensive and, as found by the district court, was more factual than inflammatory."  *Higgs*, 353 F.3d at 308.  This is an accurate description of the media coverage in this case: more factual than inflammatory.  Similarly in *Bakker*, the Fourth Circuit was unpersuaded that the "sheer volume of publicity alone" was prejudicial.  925 F.2d at 732.  As relevant here, the *Bakker* court noted the passage of time since the publicity and the defendant's generation of some of the publicity.  *Id.* at 733.

Furthermore, the Harrisonburg Division encompasses nine counties and four independent cities, and the media coverage appears localized to the Town of Front Royal, Warren County, and the Town of Strasburg (in Shenandoah County) areas.  When the jury pool consists of many communities, courts account for that and rely on voir dire to exclude jurors who may have been unduly influenced by media coverage.  *United States v. Mosby*, No. 22-CR-00007-LKG, 2023 WL 220130, at *4 (D. Md. Jan. 17, 2023).

Finally, the Rule 18 factors—convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice—do not support a transfer.  Many of the witnesses will be traveling from the Front Royal area; travel from Front Royal to Harrisonburg takes about one hour, and travel from Front Royal to Charlottesville takes an hour and forty minutes.  The government expects to have as many as seventy witnesses, and this extra driving time represents a significant hardship over the course of a six-week trial.  Furthermore, the court can reduce the amount of time spent on voir dire, thus promoting the prompt administration of justice, by excluding residents of Warren County and the Town of Front Royal from the jury

4

pool.[1] Courts have the authority to exclude jurors from certain localities in the interests of empaneling an impartial and unbiased jury. *See, e.g.*, *United States v. Knox*, 363 F. Supp. 2d 845, 847 n.2 (W.D. Va. 2005) (noting that a judge previously assigned to the case "directed that the jury venire exclude persons from Botetourt County, Roanoke County, and the cities of Roanoke and Salem, and that potential jurors from the Lynchburg Division also be summonsed" because "the extensive publicity concerning the case justified the use of a jury venire summonsed from outside of the immediate vicinity of Roanoke"); *United States v. Blom*, 242 F.3d 799, 804 (8th Cir. 2001) (finding that pretrial publicity did not establish a presumption of inherent prejudice where "the district court took many precautions designed to assure the selection of an unbiased jury" including "expanding the area from which the pool was drawn to the entire State but excluding the Fifth Division, where [the victim] was abducted"); *United States v. Wendelsdorf*, No. CR04-4111-MWB, 2005 WL 1258897, at *4 (N.D. Iowa May 27, 2005) (finding that cases such as *Blom* "support the conclusion that Wendelsdorf's right to a fair and impartial jury in Sioux City, Iowa, could be protected by certain precautions" such as "exclud[ing from the jury pool] the counties directly connected with the events and trials that occurred in connection with Wendelsdorf's previous charges").

For these reasons, the court will deny defendant's motion to transfer venue.

### III.  CONCLUSION

It is HEREBY ORDERED that defendant's motion to transfer venue (Dkt. No. 45) is DENIED, but the court will exclude residents of the Town of Front Royal and Warren County

---

[1] Warren County has no cities and only one recognized town, Front Royal.  In addition, it has three residential villages (Bentonville, Browntown, and Limetown) and several other recognized communities—Ashby, Bethel, Boyds Mill, Buckton, Bunker Hill, Cedarville, Chester Gap, Glen Echo, Howellsville, Linden, Lower Valley, Milldale, Nineveh, Reliance, Riverside, Riverton, Rockton, Success, Wakeman Mill, and Waterlick.  *See* https://warrencountyva.gov/phocadownload/WarrenCountyZoning2019.pdf (last visited 3/15/23).

from the jury pool.  The clerk of court is directed to transmit a copy of this order to all counsel of record.

     Entered: March 20, 2023.

                                              /s/ Elizabeth K. Dillon
                                              Elizabeth K. Dillon
                                              United States District Judge