IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5:21-cr-00012 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| JENNIFER RAE MCDONALD ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is an oral motion for mistrial brought by defendant Jennifer Rae McDonald. The court heard argument on the motion at a hearing held on September 26, 2023, and took it under advisement. For the reasons set forth on the record at the hearing and explained more fully herein, the court will deny the motion without prejudice.

Later on September 26, 2023, and following a discussion of a possible brief continuance of the trial, the United States reiterated its objection to the motion for mistrial and objected to any continuance. It also made oral motions for the court to issue a trial subpoena for Ms. McDonald's medical records and for the court to hold an evidentiary hearing, with a medical professional present to testify, on the need for continuance or mistrial. The defendant opposes both motions.

I. BACKGROUND

Defendant's argument for mistrial seems to be premised on three different grounds. First, counsel argued that Ms. McDonald is currently unable to attend trial as she is in the hospital and that she is unable to effectively communicate with counsel or participate meaningfully in her own defense. Second, defendant argues that the cumulative effect of delays in this trial have resulted in likely prejudice to her, because the jury may be unable to retain information about evidence in this case, which the court previously designed as complex. Third, counsel argues

that the jury may speculate about the reasons for the delays, attribute them to Ms. McDonald, or—if they were to learn that it was because of Ms. McDonald's health issue—believe that she had attempted to harm herself in some way.[1]

The United States opposes the motion. It notes that the medical information so far provided is not a complete medical record and, in particular, it does not indicate if Ms. McDonald may be able to participate in the trial or when. It further contends that the medical information provided so far (consisting of sealed exhibits 1 through 3 to the September 26, 2023 hearing and representations by counsel) does not reflect that McDonald's continued participation in this trial would seriously jeopardize her health or life. In the absence of information providing such evidence, the government insists that a mistrial is unwarranted.

The court suggested a continuance or suspension of trial for a brief time, provided the jury is available, as a viable alternative to mistrial. The government also opposes any continuance of the trial, on largely the same basis, contending that the medical record is incomplete.

## II.  DISCUSSION

**A.  Motion for Trial Subpoena and Motion for Evidentiary Hearing**

The government asked the court to issue a subpoena for McDonald's current records. Although defendant opposed that request, defense counsel also has repeatedly represented to the court that they have been attempting to obtain additional medical records. Moreover, the court notes that it is defendant's burden to support a request for mistrial or continuance. Because the court believes that the fuller medical records will assist it in determining whether a longer continuance or a mistrial is warranted, it GRANTS the motion for trial subpoena. It provided a

---

[1] There is no evidence before the court that supports this speculation.

subpoena to the United States Marshal Service today, requesting a return of the records to the court by tomorrow at 1:00 p.m. The court also provided copies of the subpoena to counsel via email.

As to the government's request for an evidentiary hearing, the court recognizes its authority to seek additional medical information from defendant's physicians,[2] but it declines to order such a hearing at this time. A review of the subpoenaed medical records may provide sufficient insight or additional information to allow the court to determine whether a mistrial is warranted at a later date. As the court expressed at the hearing, a subpoena directing a physician to appear in court the next day is likely to be met with a motion to quash. Moreover, given that defendant had a recent surgery and remains hospitalized as of today, it is unlikely that any physician would be able to advise the court at this time on her likely availability for trial this week. Thus, the court declines to hold an evidentiary hearing at this time and will deny without prejudice that motion. After additional medical information is received, the court may take that step if it believes it is necessary.

## B. Motion for Mistrial

Federal Rule of Criminal Procedure 26.3 governs motions for mistrial, although it is broadly written and provides little guidance. It simply states: "Before ordering a mistrial, the court must give each defendant and the government an opportunity to comment on the propriety of the order, to state whether that party consents or objects, and to suggest alternatives." The

---

[2] The government has provided several cases in which other courts, in trying to ascertain the medical condition and status of a defendant moving for a continuance or mistrial, have sought information directly from the defendant's physician, either through phone calls, letters asking specific questions, an evidentiary hearing, or even requests for evaluation. *See, e.g.*, *United States v. Brown*, 821 F.2d 986, 988-89 (4th Cir. 1987) (judge heard a full day of testimony from physicians familiar with the defendant); *Bernstein v. Travia*, 495 F.2d 1180 (2d Cir. 1974) (judge, at defense counsel's request, called physician and spoke to him at length, then requested a letter from the physician); *United States v. Ramirez*, No. 09-20215, 2010 WL 848808, at *3–4 (E.D. Mich. Mar. 8, 2010) (judge sent letters asking specific questions, made phone calls, and requested that the physician evaluate defendant).

trial court has sound discretion in deciding a motion for mistrial. *Bernstein v. Travia*, 495 F.2d 1180, 1182 (4th Cir. 1974).

First, as to the defendant's argument that a mistrial is warranted solely as a result of her medical condition, the current record before the court does not support that assertion. At least some courts have explained that a defendant must show that "the impending trial [poses] a substantial danger to the defendant's life or health. *United States v. Brown*, 821 F.2d 986, 988 (4th Cir. 1987). To be sure, there is adequate evidence before the court that shows defendant cannot be in trial today, and perhaps for the remainder of this week, although the latter is a presumption and not explicitly indicated by any physician's statement in the records the court has before it. But there is insufficient information provided to the court to allow it to determine that a continuation or suspension of trial, with defendant's presence at trial at a later date, is not a feasible alternative to a mistrial. To so hold would require speculation and guesswork as to defendant's likely recovery time and medical condition.

Moreover, even with sufficient medical information, such as a physician's opinion, the court is not bound to follow those opinions. For example, in *Brown*, several physicians opined that participation in his trial would be stressful and potentially harmful to defendant, regardless of whether he testified. 821 F.2d 986. The trial court nonetheless concluded that the defendant was capable of attending trial and denied his motion for continuance, and the Fourth Circuit affirmed. The Fourth Circuit acknowledged that "[w]hether a defendant's physical condition requires a continuance can be difficult for a trial judge to determine." *Id.* at 988. It noted, though, that the court could consider "the medical evidence, the defendant's activities in the courtroom and outside of it, the steps the court can take to reduce the medical risks, and the steps that defendant himself is or is not taking to improve [her] condition." *Id.* at 988.

4

Based on the limited record before this court, the court notes that at least a temporary continuance is required, as defendant is currently hospitalized following a recent surgery. Additionally, the court is reluctant to schedule court this week in the hopes that defendant will be released, require the jurors to be summoned again, and wait day-to-day to learn of defendant's condition and status. Moreover, the court is available for only two days the week of October 2–6, as it informed the parties and the jurors before trial started. Scheduling trial during that time, particularly not knowing whether defendant can be present, and then the likelihood of deliberations being cut short, benefits no one. This is particularly true because the parties have advised that the remainder of the case, including closing arguments and instructing the jury, will take about two days. Thus, going forward on a two-day week would mean the jury would listen to closings and be instructed and then have a five-day break. Generally, however, it is advisable to allow the jury to being deliberations as soon as possible after the case has concluded. Thus, at a minimum, a continuance until the following week, October 10–13, is warranted.

Second, the court disagrees with defendant that the "cumulative" delays in this case warrant a mistrial. In so holding, the court first notes that prior continuances were not objected to by any party and that most of them were at the request of defendant or her counsel to accommodate personal obligations or health matters. It was not until September 19, 2023, that defendant's current medical issues necessitated a continuance. Thus, while defendant asks the court to cumulatively consider all of the delays, the court does not believe that is appropriate. Moreover, the jury was back and engaged in the case for six days of testimony and evidence before the continuance on September 19. It has been only one week since that continuance, and the court anticipates at least one additional week away from trial this week, given defendant's current hospitalization, which has been confirmed by records.

The court has inquired with counsel and with the jurors as to schedules, and it appears that there would be a sufficient number of jurors and alternate jurors to proceed with the case on October 23 to 27.[3] While the court recognizes and appreciates that these delays are not ideal, the court believes that, in this particular circumstance, and given the resources already expended by the parties and the court (including the jurors), such a continuance should allow sufficient time for Ms. McDonald to return to court and complete the trial.

Additionally, any potential prejudice from a further delay has been addressed here with the instructions approved in *United States v. Smith*, 44 F.3d 1259, 1268 (4th Cir. 1995). The court advised the jury to keep the case fresh in their minds and to keep an open mind until all the evidence is in. And as the district court did in *Smith*, this court notes mitigating measures that should cure any prejudice to either party from the hiatus.[4] These include giving counsel ample time for closing arguments, the fact that jurors will have the benefit of all the exhibits as well as their own notes—and the court has observed many of the jurors taking extensive notes—and the extensive jury instructions.

Third and finally, as to counsel's concerns about speculation, or what they might read or see in the paper, the court has taken great pains to ensure that the jurors were simply told by court personnel that delays were the result of unexpected circumstances. Thus, insofar as they

---

[3] One of defendant's attorneys has a conflict on October 24, 2023—a Fourth Circuit oral argument in Richmond—and one of the jurors would not return until the afternoon of October 24, 2023, so likely would have to be excused. Even if counsel is unable to reschedule her argument, the court believes a brief break could be taken to accommodate that conflict without jeopardizing completion of the trial that week.

[4] Defendant rightly pointed out at argument that there are at least two distinguishing factors in *Smith*. The first is that at least part of the continuance in *Smith* was scheduled and the jury was advised ahead of time there would be a continuance, although it ended up lasting about three weeks longer than anticipated. The second is that there were other defendants in the case. Granting a mistrial over their objections would trigger double jeopardy concerns for those defendants. While neither of those factors are present here, the court must consider this case on its own facts. And *Smith* clearly supports the proposition that lengthy delays (even a delay of 32 days), while they should "be tolerated only as a rare exception," 44 F.3d at 1268, is not automatically a grounds for mistrial, particularly where any potential prejudice is cured by mitigating measures.

have been informed by the court, they do not know that the circumstances relate to *anyone's* health, let alone defendant's. The court also has repeatedly instructed the jurors not to read anything about this case and to avoid media coverage about the case. Jurors are presumed to follow the court's instructions. *United States v. Benson*, 957 F.3d 218, 230 (4th Cir. 2020) (courts apply an "almost invariable assumption of the law that jurors follow their instructions") (quoting *Richardson v. Marsh*, 481 U.S. 200, 206 (1987)). In the absence of any information that any juror has disregarded the court's instructions, the speculative possibility that one might do so is insufficient, either alone or in combination with the other factors argued by defendant, to grant a mistrial.

### III. CONCLUSION

For the foregoing reasons, the court DENIES WITHOUT PREJUDICE defendant's oral motion for mistrial. The court GRANTS the oral motion for trial subpoena and has directed the United States Marshal to serve the subpoena. Copies of the subpoena also have been provided to counsel. The court DENIES WITHOUT PREJUDICE the oral motion for evidentiary hearing. Finally, for the reasons stated herein, this trial is continued to October 23, 2023.

Entered: September 26, 2023.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge